# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Loucinda Erickson, Trustee for the
heirs and next of kin of Jeffrey D.
Erickson,

        Plaintiff,

v.

                                    MEMORANDUM OPINION
                                        AND ORDER
                                        Civil No. 05-1690

The Hertz Corporation, a
Delaware corporation,

        Defendant.

---

Kyle D. Erickson,

        Plaintiff,

vi.

The Hertz Corporation, a
Delaware corporation.

---

        Robert T. Dolan, Yaeger, Jungbauer & Barczak, P.L.C. for and on behalf of
Plaintiffs.

        Robert T. Stich and Louise A. Behrendt, Stich, Angell, Kreidler & Dodge,
P.A. for and on behalf of Defendant.

---

        Before the Court is Defendant's, The Hertz Corporation ("Hertz"), Motion to

Dismiss or in the Alternative to Determine Applicable State Law.

1

Background

Jeffrey and Kyle Erickson were involved in an auto accident that took place in the state of North Carolina. The accident occurred when the unauthorized driver of a Hertz vehicle rented in Florida, crossed the center median and struck the car driven by Jeffrey Erickson. Jeffrey Erickson died as a result of his injuries, and his son Kyle suffered severe injury.

In this action, Plaintiffs have asserted claims of vicarious liability against Hertz, claiming Hertz is liable for Plaintiffs' injuries and damages caused by the negligence of the unauthorized driver of the Hertz vehicle.

Originally, Hertz moved to dismiss the Complaints for improper venue and on forum non conveniens grounds. Hertz requested that if the Court didn't find dismissal appropriate, that it make a choice of law determination between North Carolina and Florida law.

In response, Plaintiffs argued that they would be extremely prejudiced by a dismissal, as the applicable two year statute of limitations will have run, and that on August 10, 2005, a law was enacted which preempted state statutes that impose vicarious liability on rental car companies for the negligence of their renters. See, 49 U.S.C. § 30106(c).

In its reply brief, Hertz asserts that such prejudice may be alleviated if the case were transferred to a more appropriate forum, rather than dismissed without

prejudice.  Hertz has therefore alternatively moved for transfer to the Western

District of North Carolina.

Improper Venue

Hertz argues that venue in Minnesota is improper pursuant to 28 U.S.C.  §

1391(a), which provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in 1) a judicial district where any defendant resides, if all defendants reside in the same State, 2) a judicial district in which a substantial part of the events or omissions given rise to the claim occurred, or 3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Hertz admits that it is subject to personal jurisdiction in Minnesota, because

Hertz does business in this State. Pursuant to Section 1391(c), a corporation is

deemed to reside in any judicial district in which it is subject to personal

jurisdiction.  Accordingly, venue is proper in Minnesota under Section 1391(a)(1)

as Hertz is the sole defendant, and resides in Minnesota.[1]

Forum Non Conveniens

Hertz also argues that dismissal is appropriate under forum non conveniens.

---

[1]Hertz argues that other potential defendants, the driver and renter of the car that caused the accident, are not residents of Minnesota, therefore venue is not proper in Minnesota.  As Plaintiffs point out, however, these individuals were not named as defendants, nor are they necessary or indispensable with respect to the vicarious liability claims asserted against Hertz.  If Hertz should seek to bring an indemnity action against them in a separate action, that is permissible.

Under this doctrine, "when an alternative forum has jurisdiction to hear [a] case, and when trial in the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of proportion to plaintiff's convenience, or when the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems, the court may, in the exercise of its sound discretion, dismiss the case, even if jurisdiction and proper venue are established." Estate of Rick v. Stevens, 145 F. Supp.2d 1026, 1035 (N.D. Iowa 2001) (quoting American Dredging Co. v. Miller, 510 U.S. 443, 447-48 (1994)).

The United States Supreme Court has outlined a number of factors the Court should consider in making its decision as to forum non conveniens. The private factors include the private interest of the litigant, relative ease of access to sources of proof, availability of compulsory process for attendance of the unwilling, costs of obtaining witnesses, the need to view the premises, the enforceability of the judgment and all other practical issues that make a trial easy, expeditious and inexpensive. Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 508 (1947). Public interest factors include congestion in courts, imposing jury duty upon those who have no relation to the litigation, local interest at having localized controversies decided at home, and the difficulty in applying foreign law. Id. at 508-509.

4

Consideration of the above factors leads the Court to conclude that dismissal under the doctrine of forum non conveniens is not appropriate in this case as Plaintiffs will be unduly prejudiced for the reasons stated above. Accordingly, Hertz' motion for dismissal under forum non conveniens grounds must be denied.

Transfer Venue

28 U.S.C. § 1404(a) provides that "for the convenience of the parties and witnesses and for the interests of justice, a district court may transfer a civil action to any other district or division where it might have been brought."

Hertz asserts that this action should be transferred to North Carolina as the accident occurred there, and because North Carolina law applies to Plaintiffs' causes of action. Further, Hertz would be able to implead the driver and renter of the vehicle as they would be subject to personal jurisdiction in North Carolina. Hertz also argues that if North Carolina law applies, it would be necessary to call the driver of the vehicle as a witness in order to establish that he was not an agent of Hertz, as he did not rent the car, his brother-in-law did.

Plaintiffs assert that the driver's negligence is not an issue in this case. The driver had admitted responsibility for the accident and pled guilty to charges of careless driving and reckless driving. Instead, this case is about damages, and most witnesses and documents relative to damages are in Minnesota. Plaintiffs

reside here, and all of Kyle Erickson's post-accident medical treatment has taken place here, under the care of Minnesota physicians.

Hertz admits that Plaintiffs would be more inconvenienced if the case were transferred to North Carolina. Hertz Reply Memorandum at p. 10. The Court also finds that the convenience of the witnesses also weighs against transfer in this case. Most of Plaintiffs' witnesses and documents are in Minnesota. If the case is transferred, the inconvenience merely shifts to Plaintiffs. In addition, testimony from any out-of-state witnesses can be obtained through videotaped deposition. Lehman v. Humphrey Cayman, LTD, 713 F.2d 339, 343 (8th Cir. 1983).

In the interests of justice, the Court should consider Plaintiffs' choice of forum, judicial economy, conflict of law problems and the advantages of have a local court determine local law. Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997). In this case, judicial economy and the fact that local law will not be applied to the asserted claims, do not favor transfer. And as will be discussed below, the Court finds Florida law applies to Plaintiffs' claims. Under these circumstances, and the fact that Minnesota is Plaintiffs' chosen forum, the interests of justice do not weigh in favor of transfer.

Choice of Law

It is Hertz' position that North Carolina law governs these actions, as the accident occurred in North Carolina, and the rental contract provides that Hertz

6

"will indemnify, hold harmless and defend you and operators as permissive users of the Car from and against liability to third parties . . .for bodily injury including death and property damage. The limits of this protection . . are the minimum limits required by the automobile financial responsibility law of the jurisdiction in which the accident occurs."

Plaintiffs respond that Hertz' liability to Plaintiffs stems from the rental contract entered into in the state of Florida.  The mere happenstance that the accident took place in North Carolina has no bearing on Hertz' liability to Plaintiffs.

In diversity cases, the forum state's choice of law rules apply.  <u>Ferrell v. West Bend Mut. Ins. Co.</u>, 393 F.3d 786, 796 (8th Cir. 2005).  Applying Minnesota's choice of law analysis, the first issue to be addressed is whether there is an actual conflict between the legal rules of the two states.  <u>Nodak Mut. Ins. Co. v. American Family Ins. Co.</u>, 590 N.W.2d 670, 672 (Minn. Ct. App. 1999).  "An actual conflict exists if choosing the rule of one state or the other is 'outcome determinative.'" <u>Id.</u>

In this case, the parties agree that there is an actual conflict.  Florida law imposes minimum liability insurance coverage on vehicle owners in the amount of $10,000 per person and $20,000, Fla. Stat. § 324.021(7), while North Carolina law imposes such minimum coverage in the amount of $30,000 per person and

$60,000 per incident.  N.C.Gen. Stat. § 20-281.  The most important difference

between the state's laws as related to this case is that Florida's "dangerous

instrumentality law" imposes strict liability upon owners/lessors of motor vehicles

when non-owners/lessees, driving with the owner's permission, negligently cause

an accident.  Fla. Stat. § 324.021(9)(b)(2).  Liability is limited to $100,000 per

person and $300,000 per incident.  North Carolina, however, does not impose

strict vicarious liability, or place a limit on liability.  The law further provides that

if the owner of the vehicle presents "positive, contradicting evidence" that it had

no agency relationship with the negligent driver, a jury may conclude that the

owner is not vicariously liable.  Winston v. Brodie, 134 N.C. App. 260, 268, 517

S.E.2d 203 (1999).

In this case, the driver of the vehicle did not rent the Hertz car, his brother-

in-law did.  Hertz will argue that as the driver did not have its permission to drive

the care, North Carolina law will absolve it of vicarious liability.

Because there is an actual conflict, this Court must apply a five factor test to

determine which law should govern.  Milkovich v. Saari, 295 Minn. 155, 203

N.W.2d 408 (1973).  These factors are: 1) predictability of results; 2) maintenance

of interstate order; 3) simplification of the judicial task; 4) advancement of the

forum state's interests; and 5) application of the better rule of law.  Id., 203

N.W.2d at 412.  The factors are not to be mechanically applied, but are meant "to

prompt the courts to carefully and critically consider each new fact situation and explain in a straightforward manner their choice of law." Jepson v. General Casualty Company of Wisconsin, 513 N.W.2d 467, 470 (Minn. 1994).

    1.  Predictability of Results

    This factor concerns whether the choice of law was predictable before the time of the transaction or the event which gives rise to the cause of action. Schumacher v. Schumacher, 676 N.W.2d 685, 690 (Minn. Ct. App. 2004).  Hertz argues that this factor weighs in favor of North Carolina law because its rental contracts provide that the law of the jurisdiction in which an accident occurs applies to determine the amount of liability.  Plaintiffs correctly assert that the contract language relied upon by Hertz relates to the insurance coverage Hertz will provide to its renters for their liability.  The issue here, however, is to determine Hertz' vicarious liability to a third party for the renter's negligence. Thus, the contract language has no bearing on the claims asserted.

    The Minnesota Supreme Court has held that predictability of results is not of great importance in situations involving the unplanned nature of automobile accidents.  Jepson, 513 N.W.2d at 470.  Here, the case concerns an auto accident, thus applying the law of the state in which the accident occurs does not further the predictability of result.  On the other hand, applying the law of the state in which the rental contract was entered into with respect to a claim of vicarious

liability of the owner/lessor of a motor vehicle would promote predictability of result.  The Court thus finds this factor weighs in favor of the application of Florida law.

2.  Interstate Order

This factor is concerns the assurance of "the free and unpenalized interstate movement of people and goods necessary to the success of the federal system." Nodak, 590 N.W.2d at 673.  "This requires deference to a sister state's legal rules when that sister has a substantial concern with the problem, even when the forum state also has an identifiable interest."  Id.

Hertz argues that this factor weighs in favor of application of North Carolina's laws because the accident occurred there, and the injured received medical treatment there.  By contrast, Florida's only contact with this case is that the car was rented there.

If the driver's negligence was of primary concern in this case, the Court would agree that the forum in which the accident occurred would have a more substantial interest.  However, the claims asserted are those of vicarious liability arising from the Hertz rental agreement entered into in Florida.  Given the specific nature of the claims asserted, this factor weighs in favor of the application of Florida law.  See, Cates v. Creamer, 431 F.3d 456, 465 (5th Cir. 2005) (finding that contact to the forum where injury occurred of less importance when the issue

is vicarious liability of owner/lessor of a motor vehicle).

3.  Simplification of the Judicial Task

This factor is insignificant, as courts can just as easily apply the law of another state as easily as their own.  Jepson, 513 N.W.2d at 472.

4.  Advancement of Forum State's Interests

This factor is designed to ensure that Minnesota courts will not have to apply a state law that are "inconsistent with Minnesota's concept of fairness and equity."  Schumacher, 676 N.W.2d at 691(quoting Medtronic, Inc. v. Advanced Bionics Corp., 630 N.W.2d 438, 455 (Minn. Ct. App. 2001)).

Minnesota has a strong interest in compensating accident victims and a substantial interest in assuring Minnesota creditors are paid.  Blamey v. Brown, 270 N.W.2d 884, 891 (Minn. 1978); Boatwright v. Budak, 625 N.W.2d 483, 489-490 (Minn. Ct. App. 2001).  Consistent with this interest, Florida has a strong interest in holding rental companies doing business in its state vicariously liable for injuries incurred by their vehicles, no matter where the injury occurs.  See Cates, 431 F.3d at 465; Wal-Mart Stores, Inc. v. Budget Rent-A-Car Systems, 567 So.2d 918, 921 (Fla. Dist. Ct. App. 1990); Stallworth v. Hospitality Rentals, Inc., 515 So.2d 413, 417 (Fla. Dist. Ct. App.1987).

Hertz asserts that the Florida cases cited by Plaintiffs are distinguishable, because they do not involve a fact situation in which the injured party is a non-

citizen of Florida.  Hertz also points out that in the <u>Cates</u> case, the Fifth Circuit

remanded a matter to the district court for the determination "on whether the

Florida law of vicarious liability may be applied to benefit non-Florida residents . .

.", noting that no Florida precedent exists to resolve the question. <u>Id.</u> at 466.

Whether or not non-residents may benefit from Florida's vicarious liability

law remains has yet to be decided by the Florida courts. <u>See</u>, <u>Walmart Stores, Inc.</u>,

567 So.2d at 922.  However, in a decision involving a rental car rented in Texas

and driven by Texan residents, that was involved in an accident in Florida, the

court held that where the pertinent issue is vicarious liability and the applicability

of the dangerous instrumentality law, the forum in which the car was rented

should govern.  <u>Deemer v. Budget Rent-A-Car Systems, Inc.</u>, 704 So.2d 133, 134

(Fla. Dist. Ct. App. 1997) <u>rev. denied</u>, 717 So.2d 530 (Fla. 1998).  This Court thus

finds that a Florida court would apply its vicarious liability laws to a non-resident,

where the rental transaction was entered into in Florida.

Based on the above, this Court finds that application of Florida's dangerous

instrumentality law is consistent with the interest's of this forum.

5.  Application of the Better Rule of Law

The better rule of law is intended to be the rule that made "good socio-

economic sense for the time when the court speaks." <u>Jepson</u>, at 473.  This factor

is generally addressed if the application of the four previous factors are not

determinative.  <u>Shumacher</u>, at 692.  In this case, however, the four previous factors weigh in favor of Florida law, thus this factor need not be addressed.

Florida law thus applies to Plaintiffs' claims of vicarious liability.

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss and/or Transfer is DENIED.

Date: April 14, 2006

<u>s / Michael J. Davis</u>
Michael J. Davis
United States District Court